# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | |
| v. | ) | I.D. No. 1705013238 |
| | ) | |
| RAYMOND S. WINCHESTER, | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: September 21, 2018
Decided:  October 4, 2018

*Upon Defendant's Motion for Postconviction Relief*
**SUMMARILY DISMISSED.**

*Upon Defendant's Motion for Appointment of Counsel*
**DENIED.**

## ORDER

Monil D. Amin, Esquire, Deputy Attorney General, Department of Justice, 820 N. French St., Wilmington, Delaware, Attorney for the State.

Raymond S. Winchester, *pro se*, Wilmington, DE.

**WHARTON, J.**

This 4th day of October, 2018, upon consideration of Defendant's Motion for Postconviction Relief, Motion for Appointment of Counsel, and the record in this matter, it appears to the Court that:

1.    Defendant Raymond S. Winchester ("Winchester") was indicted by the Grand Jury on the charges of assault second degree, terroristic threatening and disorderly conduct.[1]  After signing a *Robinson* plea agreement to assault second degree on November 14, 2017, Winchester declined to enter that plea on that date.[2] Winchester did enter such a plea after executing a somewhat different plea agreement on November 16, 2017.[3]  In both plea offers, the State agreed not to pursue habitual offender sentencing.  On February 2, 2018, consistent with the range of sentencing terms agreed upon in the plea agreement, he was sentenced to six years of incarceration suspended after three years, followed by decreasing levels of supervision.[4]  Winchester's untimely appeal of his conviction and sentence to the Delaware Supreme Court was dismissed.[5]  He also unsuccessfully sought a sentence modification.[6]

---

[1] D.I. 6.
[2] *See Robinson v. State*, 219 A.2d 279 (1972).
[3] D.I. 9.
[4] D.I. 13.
[5] *Winchester v. State*, 2018 WL 4212138 (Del. Sept. 4, 2018).
[6] D.I. 19.

2. On September 14, 2018, Winchester filed this Motion for Postconviction Relief ("Motion"),[7] and an accompanying Motion for Appointment of Counsel.[8] As best the Court can discern, Winchester raises three apparently interrelated ineffective assistance claims for relief in the Motion: 1) counsel failed to provide him with medical records from the victim's hospital treatment following the assault which would have showed that the victim had a preexisting injury; 2) counsel allowed him to enter a *Robinson* plea to a plea agreement that had been rejected; and 3) after realizing that the victim's injury was preexisting, counsel should have secured a more appropriate plea such as offensive touching or assault third degree.[9] He also claims that the restitution he was ordered to pay - $4,310.23 – was excessive since the victim's injury was preexisting.[10]

3. Before addressing the merits of a defendant's motion for postconviction relief, the Court must first apply the procedural bars of Superior Court Criminal Rule 61(i).[11] If a procedural bar exists, then the Court will not consider the merits of the postconviction claim.[12]

4. Under Delaware Superior Court Rules of Criminal Procedure, a motion for postconviction relief can be barred because of time limitations, repetitiveness,

---

[7] D.I. 21.
[8] D.I. 22.
[9] D.I. 21.
[10] *Id.*
[11] *Younger v. State,* 580 A.2d 552, 554 (Del. 1990).
[12] *Id.*

procedural default, or former adjudication.[13] The bars to relief do not apply either to a claim that the court lacked jurisdiction or to a claim that pleads with particularity that new evidence exists that creates a strong inference of actual innocence[14] or that a new retroactively applied rule of constitutional law renders the conviction invalid.[15]

5. In applying the procedural bars of Rule 61(i), it is clear that the motion is a timely first post-conviction relief motion raising claims of ineffective assistance of counsel, and therefore, those claims are not barred. The restitution claim is barred, however, since it was previously adjudicated in Winchester's sentence modification motion.[16]

6. Summary dismissal is appropriate if it plainly appears from the motion for postconviction relief and the record of prior proceedings in the case that the movant is not entitled to relief.[17]

7. Here, Winchester entered a *Robinson* plea after he had previously rejected a similar plea offer two days earlier. The most significant difference between the two plea offers dealt with limitations on the recommendations the parties would offer at sentencing. The mere fact that Winchester changed his mind about accepting the plea offer on the day of trial provides him with no basis for

---

[13] Super. Ct. Crim. R. 61(i)(1)-(4).
[14] Super. Ct. Crim. R. 61(i)(5).
[15] Super. Ct. Crim. R. 61(d)(2)(i) and (ii).
[16] *See* D.I. 15, 19.
[17] Super. Ct. Crim. R. 61(d)(5).

4

relief. Winchester appears to be under the misimpression that the because the earlier plea was rejected, the plea offer he accepted is somehow tainted. But it was he who rejected the earlier plea, not some unnamed authority, and it was he who was free to accept it, or any modified version of it, later.

8. Some understanding of the basic facts of the case is necessary give context to Winchester's ineffective assistance of counsel claims. Winchester was charged with assaulting a DART bus driver who was driving the bus on which Winchester was riding. As a result of the assault, the victim was taken to the hospital where it was discovered that he had a brain tumor.[18] This tumor is the preexisting injury Winchester references in the Motion. The tumor is not the injury Winchester is alleged to have caused when he assaulted the bus driver. In fact, it is irrelevant to the charge. If the victim had no tumor, Winchester still would have been charged with assault second degree. Further, Winchester was not charged with causing the victim serious physical injury. Rather he was charged with causing only physical injury to a public transit operator acting in the lawful performance of his duty, which constitutes assault second degree under 11 *Del. C.* § 612(a)(3).[19] Because Winchester misapprehends both the facts and the law as it relates to his plea, the Court finds it unnecessary to engage in the standard two pronged ineffective assistance of counsel analysis.[20] There is simply no purpose to

---

[18] Fortunately, the tumor was not malignant.
[19] D.I. 6.
[20] *See Strickland v. Washington,* 466 U.S. 668 (1984).

5

be served by conducting such an analysis where the motion is supported by demonstrably incorrect statements of fact and law. Accordingly, the Court finds that it plainly appears from the Motion and the record in this case that Winchester is not entitled to relief. Nor is Winchester entitled to counsel since he was not convicted at trial of a class A, B, or C felony.[21]

**THEREFORE**, since it plainly appears from Motion for Postconviction Relief and the record in this case that Winchester is not entitled to relief, the Motion for Postconviction Relief is **SUMMARILY DISMISSED.** The Motion for Appointment of Counsel is **DENIED.**

    **IT IS SO ORDERED.**

_____
Ferris W. Wharton, J.

oc:   Prothonotary
cc:   Investigative Services

---

[21] Super. Ct. Crim. R. 61(e)(2).

6